UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARCUS J. SUHN, | * | CIV. 08-4190 |
| Plaintiff, | * | ORDER ON MOTIONS |
| -vs- | * | |
| BREG, INC., a California corporation, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KELLY J. KOCH, | * | CIV. 08-4193 |
| Plaintiff, | * | ORDER ON MOTIONS |
| -vs- | * | |
| BREG, INC., a California corporation, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are various identical motions (to stay, to allow late disclosure of expert, and to quash and for protective order) in the separately filed cases of *Suhn v. Breg*, CIV. 08-4190 and *Koch v. Breg*, CIV. 08-4193. (*See Suhn* Docs. 66, 68 & 75; and *Koch* Docs. 53, 55 & 62)

## JURISDICTION

These matters were referred to the Magistrate Judge pursuant to Chief Judge Schreier's Orders of Referral of March 16, 2010, in the respective cases (Doc. 80 & Doc. 67) and Chief Judge Schreier's Standing Order dated March 18, 2010.

## BACKGROUND

Both plaintiffs in the separate cases are represented by the same seven lawyers. Additionally in the Suhn case an eighth lawyer is counsel record.[1] The defendant is the same in both cases. The defendant is represented by the same five lawyers in both cases. The Suhn case was filed on November 25, 2008. The Koch case was filed on December 2, 2008. Defendant filed its Answer in both cases on the same day. Plaintiffs' Complaints are identical except for the circumstances personal to the respective plaintiff. Defendant's Answers are identical. Both Scheduling Orders were filed on February 19, 2009. Both Scheduling Orders are identical. In both cases dispositive motions were due April 1, 2010. On April 1, 2010, Breg filed identical motions for Summary Judgment, motions to exclude causation testimony of Stephen F. Fadylak, Benjamin T. Busfield, John W. Swanson, Sander Greenland and Martin T. Wells. These subsequently filed motions have not been referred to the Magistrate Judge.

The Judicial Panel on Multidistrict Litigation denied a petition to transfer pain pump litigation in August 2008. The matter of transfer is again before the Judicial Panel on Multidistrict Litigation. A decision is expected by the end of this week, April 16, 2010.

## THE MOTIONS

1.     On January 29, 2010, both plaintiffs filed motions to stay proceedings pending a ruling by the Judicial Panel for Multidistrict Litigation. The defendant resists the motion in both cases.

2.     On February 17, 2010, both plaintiffs filed motions to allow them to disclose an expert after the deadline for disclosing expert witnesses had passed. The defendant resists the motions in both cases.

---

[1]Ted G. Meadows appears in Suhn but not in Koch.

3. On March 10, 2010, defendant in both cases filed motions to quash cross-notices from plaintiff to depose Jason Dragoo, M.D. Alternatively defendant requested protective orders. Both plaintiffs resist the respective motions.

**DECISION**

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. . . . Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: . . . ." 28 U.S.C. § 1407(a).

It is expected the parties will know shortly whether the Judicial Panel for Multidistrict Litigation[2] transfers these cases under 28 U.S.C. § 1407(a). Whether the petition for transfer is granted or denied, therefore, does not make a practical difference regarding the motion to stay. If the panel decision is not forthcoming as expected, this issue can be revisited. The motions to stay the proceedings in *Suhn* and *Koch* are DENIED as moot.

The motions to disclose Dr. Jason Dragoo as a causation expert are deferred until the decision of the Judicial Panel for Multidistrict Litigation is known. The motions are moot if the Judicial Panel for Multidistrict Litigation transfers the cases for pretrial proceedings.

The motions to quash the plaintiffs' cross notices to depose Dr. Jason Dragoo or for protective orders are also deferred. His deposition was scheduled to be taken in late March, 2010, presumably in pain pump cases other than *Suhn* and *Koch*. If the Judicial Panel for Multidistrict

---

[2]The Judicial Panel on Multidistrict Litigation docket may be monitored at www.jpml.uscourts.gov. The assigned case number is 2139.

Litigation transfers this case, then the motions to quash or for protective order are moot. The rulings on these motions are deferred.

It is ORDERED:

1. The motions to stay the proceedings are DENIED as moot (*Suhn* Doc. 66 & *Koch* Doc. 53).

2. The motions to allow plaintiffs to disclose Dr. Jason Dragoo as a causation expert are DEFERRED (*Suhn* Doc. 68 & *Koch* Doc. 55).

3. The motions to quash or for protective orders are DEFERRED (*Suhn* Doc. 75 & *Koch* Doc. 62).

Dated this 12th day of April, 2010.

                                        BY THE COURT:

                                        s/John E. Simko

                                        _____
                                        John E. Simko
                                        United States Magistrate Judge