UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                       *
MARCUS J. SUHN,                        *         CIV. 08-4190
                                       *
              Plaintiff,               *         ORDER ON MOTIONS
                                       *
     -vs-                              *
                                       *
BREG, INC., a California corporation,  *
                                       *
              Defendant.               *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                       *
KELLY J. KOCH,                         *         CIV. 08-4193
                                       *
              Plaintiff,               *         ORDER ON MOTIONS
                                       *
     -vs-                              *
                                       *
BREG, INC., a California corporation,  *
                                       *
              Defendant.               *
                                       *
*****************************************************************************
```

Pending are identical motions in each case on which rulings were previously deferred while waiting to learn whether the United States Judicial Panel on Multidistrict Litigation would grant or deny transfer of this case. The Panel denied transfer on April 14, 2010 (Koch [Doc. 98](#) & Suhn [Doc. 111](#)). Each plaintiff moved to allow late disclosure of expert witness Dr. Dragoo (Koch [Doc. 55](#) & Suhn [Doc. 68](#)). In both cases the defense moved to quash a notice to take the deposition of Dr. Dragoo (Koch [Doc. 62](#) & Suhn [Doc. 75](#)).

**JURISDICTION**

These matters were referred to the Magistrate Judge pursuant to Chief Judge Schreier's Orders of Referral of March 16, 2010, in the respective cases (Suhn Doc. 80 & Koch Doc. 67) and Chief Judge Schreier's Standing Order dated March 18, 2010.

**BACKGROUND**

Plaintiffs Argue.

> Plaintiff respectfully asks the Court for an extension of time to disclose an expert beyond the deadline of December 4, 2009 set forth in the scheduling order in this matter. Specifically, plaintiff seeks leave of the Court to disclose Jason Dragoo, M.D. as a general causation expert witness. Although this disclosure is untimely, plaintiff believes the delay is substantially justified. Furthermore, disclosing this additional expert will not cause prejudice to the defendant or the Court. Breg and its experts are familiar with Dr. Dragoo's report and prior deposition testimony. Breg will have an opportunity to cross-examine him further at his deposition in a related case, which it has noticed for March 26, 2010. The Court has not yet set a trial date for this matter.

(Koch Doc 56, p. 1, & Suhn Doc. 69, p. 1).

> Dr. Dragoo's testimony is important to plaintiff in order to meet his burden of proof on causation. Dr. Dragoo and his colleagues were at the forefront of the research to examine whether it was the toxicity of the local anesthetics infused through the pain pumps into the joint space that was causing an alarmingly high rate of chondrolysis of otherwise young and healthy patients, as opposed to some other mechanism. Breg itself acknowledges that Dr. Dragoo is a "prize witness" for plaintiff.

(Koch Doc 56, p. 4, & Suhn Doc. 69, p. 4).

> Dr. Dragoo's schedule did not permit him to be available for separate depositions by each defendant on the same subject matter.

(Koch Doc 56, p. 5, & Suhn Doc. 69, p. 5).

> Breg chose not to do so, even though it knew that there were other newly filed cases in which Breg was named as a defendant and that Dr. Dragoo would likely be disclosed as an expert in at least some of these cases. Rather than coordinating voluntarily in the discovery of plaintiffs' generic expert witnesses to save time and

> expense, Breg took strategic advantage of the conflicting deadlines imposed by the various scheduling orders in the pain pump cases. Breg refused to participate in depositions of plaintiffs' generic causation expert witnesses (i.e., witnesses whose testimony would be used in all cases) if it was premature to disclose these experts in any cases involving Breg. Breg's strategy put plaintiffs in a bind, because if Dr. Dragoo was not available for a separate deposition by Breg before the discovery deadlines, plaintiffs could not disclose him as an expert. That is what happened in this case. We could not formally designate Dr. Dragoo because Breg had previously chosen not to take part in his September deposition, and Dr. Dragoo was not available for another deposition before the close of discovery on February 27, 2010.

(Koch Doc 56, pp. 5-6, & Suhn Doc. 69, pp. 5-6).

> Dr. Dragoo's opinions in this case are identical to his opinions in every other suit against Breg in which he has been designated as an expert. Dr. Dragoo is a general causation witness; he does not offer opinions specific to any individual case.
>
> \* \* \*
>
> This jurisdiction discourages exclusion of experts in situations such as this, where late disclosure has no prejudicial effect on deadlines or trial dates.

(Koch Doc 68, p. 1, & Suhn Doc. 81, p. 1).


No trial date has been established.

Defendant Argues.

> Plaintiff's motion seeks to allow the disclosure of an expert witness two months after the deadline established in this Court's Scheduling Order. (Doc. # 44.) The purported reason for this untimely disclosure is that Plaintiff could not find a single day over six months in which to make Dr. Jason Dragoo available for Breg's deposition and therefore "had no choice but to forego disclosing Dr. Dragoo as an expert witness prior to the deadline." (Pl.'s Mem. 2–3.) As set forth in more detail below, however, Plaintiff has tried to engage Breg in a peculiar "guessing game" with respect to Dragoo that has now resulted in the inexcusably late disclosure of this witness. Plaintiff's failure to comply with the Court's Scheduling Order and Federal Rule 26(a)(2) is a prejudicial maneuver that fails in law, policy, and fairness.

(Koch Doc 63, pp. 1-2, & Suhn Doc. 76, pp. 1-2).

3

> Trial is anticipated for the summer of 2010. Fact and expert discovery have been completed. Breg has met all deadlines in this matter.
>
> Curiously, Plaintiff manages to place the blame for his late disclosure of Dragoo on Breg. The history of this litigation, however, proves otherwise.

(Koch [Doc 63, p. 2](), & Suhn [Doc. 76, p. 2]()).

> On June 12, 2009, Dragoo was deposed in Meharg v. I-Flow, Breg was not named in that case, but Breg attended because plaintiffs had cross noticed the deposition in a case in which Breg was a defendant, Hamilton/McLain v. Breg, The deposition went a full day when Plaintiffs' counsel abruptly concluded the deposition, before Breg could ask any questions and without entertaining any possibility for continuing the deposition.
>
> When Breg renewed its request to depose Dragoo, Plaintiff's counsel refused. As a result, Breg moved in Alderfer v. Breg, to compel Dragoo's deposition. A key aspect of that motion was that, at the first deposition, Dragoo had failed to produce crucial subpoenaed documents forming the basis for his studies and his opinions—documents that to this day have yet to be produced. Dragoo has failed to produce lab notebooks from his studies; drafts of his expert report; and documents, protocols, notes and pictures generated as part of his studies. The Alderfer court agreed with Breg, and on July 2, 2009, granted Breg's motion to compel.
>
> Breg then proceeded to push for dates to continue Dragoo's deposition. Breg was willing to work with Dragoo's schedule, even offering to depose Dragoo on a weekend if that was preferable for the doctor. Breg and defendants in other cases also continued to press plaintiffs to produce the subpoenaed materials. Then, a month after the Alderfer order, on August 27, 2009, plaintiffs suddenly withdrew Dragoo as an expert in all Breg cases. Plaintiff's counsel offered no explanation, simply stating that they were withdrawing Dragoo in "all of our Breg cases for now." "All of our cases," by necessity, included Koch and Suhn, which had been filed nearly nine months earlier.
>
> According to this e-mail, Dragoo was no longer an expert for plaintiffs in any Breg cases. But, according to Plaintiff, Breg should have somehow predicted that Dragoo would eventually be a witness in one of its cases. And if Breg would have predicted as much, it could have cross examined Dragoo in the deposition taken in September 2009—just one month after Plaintiff's counsel withdrew Dragoo in Breg cases and in a case to which Breg was not a party. And because Breg did not undertake a cross examination in a case to which it was not a party, it is Breg's conduct that has prevented Plaintiff from timely disclosing Dragoo as an expert in Koch and Suhn.

(Koch [Doc 63, pp. 3-4](), & Suhn [Doc. 76, pp. 3-4]()).

**DECISION**

The Scheduling Order provides, among other matters:

> The identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiff by December 4, 2009, and from defendant by January 15, 2010; any supplementations thereto under Rule 26(e) shall be due twenty days prior to trial. Disclosures and reports under Rule 26(a)(2) are not filed with the Clerk. Any expert not so designated will not be permitted to testify at trial.

(Koch [Doc. 35](), ¶ 7; Suhn [Doc. 44](), ¶ 7).

The Scheduling Order provides that all expert discovery shall be completed by March 1, 2010. These motions to allow disclosure of expert witnesses were filed February 17, 2010. The Scheduling Order also provides that motions were due April 1, 2010. On April 1, 2010, Breg filed a motion for summary judgment and several motions to exclude the causation testimony of several expert witnesses. These motions are currently pending in the briefing stage.

These are two cases of many of a similar nature nationwide (Koch [Doc. 98](); Suhn [Doc. 111]()). Plaintiff expected them to be transferred to another district by the United States Judicial Panel Multidistrict Litigation: ". . .this action and others will likely be transferred to an MDL within two weeks after the Panel's hearing on March 25." (Koch [Doc. 68, p. 1](); Suhn [Doc. 81, p. 1]()). It is apparent there was strategic maneuvering in this and other cases by the lawyers on both sides. The defense has represented that Dr. Dragoo was identified and withdrawn by plaintiffs as an expert in these two cases. In September, 2009, plaintiffs removed him from their list of expert witnesses in all of their Breg cases. The December 4, 2009, deadline to disclose experts came and went without disclosing Dr. Dragoo as an expert witness in these two cases. Less than two weeks before the deadline to complete expert discovery these motions to allow tardy disclosure were made. By then, the defendant's January 15, 2010, expert disclosure deadline had passed. Plaintiffs' justification

for allowing the late disclosure is absence of prejudice to the defense. Choices have consequences. Plaintiffs made an informed decision to withdraw Dr. Dragoo as expert witness in all their cases against Breg. Plaintiffs made an informed decision not to disclose Dr. Dragoo as an expert witness when the December 4, 2009, disclosure deadline approached and expired. This motion was filed February 17, 2010, — less than two weeks before the discovery deadline for expert witnesses. The April 1, 2010, motion deadline has expired. A summary judgment motion is pending. There are also pending in each case motions to exclude testimony from five of plaintiffs' other expert witnesses. The February 19, 2009, Scheduling Order provided "any expert not so designated will not be permitted to testify at trial." Despite plaintiffs' suggestion that there will be no prejudice to the defendant if their respective motions are granted, there would necessarily be adjustments to the Scheduling Order, which in turn probably would delay the time when this case can be expected to be tried to a jury. Delay is sufficient prejudice to justify denying the motion to allow late disclosure of Dr. Dragoo as an expert witness.

> Federal Rule of Civil Procedure 16 permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998). Unless the failure to meet a deadline was either harmless or substantially justified, the court may sanction a party by excluding its evidence. *See id.* at 1008-09.
>
> FIRE asserts it was substantially justified in not filing the report because the City's initial disclosures were insufficient. However, FIRE did not raise this issue until four months after the disclosures were due and two months after the expert report deadline. Additionally, FIRE provided no explanation for its delay in raising this issue. Thus, even if we accepted this after-the-fact justification, it came far too late for us to say the district court abused its discretion by striking FIRE's expert.

*Firefighter's Institute for Racial Equality ex rel. Anderson* v. *City of St. Louis,* 220 F.3d 898, 903 (8th Cir. 2000).

More recently the Eighth Circuit has said:

> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. [Fed.R.Civ.P. 37(c)(1)](); [Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir.1998)]() ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. [Fed.R.Civ.P. 37(c)(1)](). When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. [Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir.2003)](); see also [Marti v. City of Maplewood, 57 F.3d 680, 683 (8th Cir.1995)]() (setting forth a variety of possibly relevant factors).
>
> [8] [9] We note, however, that the district court's discretion narrows as the severity of the sanction or remedy it elects increases. See [Heartland Bank v. Heartland Home Fin., Inc., 335 F.3d 810, 817 (8th Cir.2003)]() (where exclusion of evidence was tantamount to dismissal of claims, the district court should have considered lesser sanctions); [Laclede Gas Co. v. G.W. Warnecke Corp., 604 F.2d 561, 565-66 (8th Cir.1979)]() (drastic sanctions, such as dismissal, require a finding of willfulness, bad faith, or fault on the part of the noncompliant party). Though "the exclusion of evidence is a harsh penalty and should be used sparingly," [ELCA Enters. v. Sisco Equip. Rental & Sales, 53 F.3d 186, 190 (8th Cir.1995)](); *see* [Bergfeld v. Unimin Corp., 319 F.3d 350, 355 (8th Cir.2003)](), we hold that the district court's election of that remedy was within the bounds of its discretion in the circumstances of this case. Wegener's failure to disclose Dr. Halbridge's supplemental testimony in a timely manner was neither substantially justified nor harmless, a continuance would have postponed a much-delayed trial, and the testimony was offered to prove a point upon which a substantial amount of other evidence was presented to the jury.

[Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)]().

Here plaintiffs' failure to disclose Dr. Dragoo within the deadline imposed by the Scheduling Order was neither justified nor harmless. These cases were filed in November and December, 2008, respectively. Granting the respective motions will likely delay the trial of these

7

cases which are already about one and one half years old. Both the discovery and motion deadlines have expired. Substantive motions are pending in the briefing stage. Dr. Dragoo is only one of several expert witnesses identified by plaintiffs.

It is ORDERED that plaintiffs' respective motions to allow late disclosure of Dr. Dragoo as an expert witness are DENIED (Koch [Doc. 55](Doc. 55) & Suhn [Doc. 68](Doc. 68)).

It is FURTHER ORDERED that defendant's motions in both cases to quash plaintiffs' cross-notice of Dr. Dragoos' deposition are GRANTED (Koch [Doc. 62](Doc. 62) & Suhn [Doc. 75](Doc. 75)).

Dated this 22nd day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge